UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEWIS,<br><br>      Petitioner,<br><br>v.<br><br>RJD,<br><br>      Respondent. | Case No.: 3:25-cv-2209-JLS-VET<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Presently before the Court is *pro se* Petitioner Kenneth Lewis's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Pet.," ECF No. 1). Having carefully considered the Petition, the Court **DISMISSES WITHOUT PREJUDICE** for the reasons that follow.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has not paid the $5.00 filing fee and has not moved to proceed *in forma pauperis*. The Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed *in forma pauperis*. If Petitioner wishes to proceed with this case, he must, on or before October 17, 2025, either pay the $5.00 fee or submit adequate proof of his inability to pay the fee.

### FAILURE TO STATE A COGNIZABLE CLAIM

In addition, upon preliminary review of the Petition, the Court finds it is subject to

dismissal because Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); *see Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Here, while the Petition is difficult to decipher, it appears Petitioner, who was sentenced to 15 years-to-life in prison in 1979, seeks resentencing under California Penal Code § 1172.1. *See* ECF No. 1-2 at 1–2. In no way, however, does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights. Thus, there is no ground upon which to entertain the Petition. Accordingly, the Petition must be dismissed.

Furthermore, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. *See* 28 U.S.C. § 2254(b), (c). To exhaust state judicial remedies, a California state prisoner must present

1  the California Supreme Court with a fair opportunity to rule on the merits of every issue
2  raised in his or her federal habeas petition. *See id.*; *Granberry v. Greer*, 481 U.S. 129,
3  133–34 (1987). Moreover, to properly exhaust state court judicial remedies a petitioner
4  must allege, in state court, how one or more of his or her federal rights have been violated.
5  The Supreme Court in *Duncan v. Henry* reasoned that "[i]f state courts are to be given the
6  opportunity to correct alleged violations of prisoners' federal rights, they must surely be
7  alerted to the fact that the prisoners are asserting claims under the United States
8  Constitution." 513 U.S. 364, 365–66 (1995). For example, "[i]f a habeas petitioner wishes
9  to claim that an evidentiary ruling at a state court trial denied him the due process of law
10 guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in
11 state court." *Id.*

Additionally, the Court cautions Petitioner that a one-year period of limitation applies to petitions for writ of habeas corpus by persons in custody pursuant a state court judgment. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).[1]

---

[1] The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th

## CONCLUSION

For the above reasons, the Court **DISMISSES WITHOUT PREJUDICE** this case because Petitioner has failed to satisfy the filing fee requirement and failed to state a cognizable claim. To have this case reopened, Petitioner must, <u>on or before October 17, 2025,</u> (1) satisfy the filing fee requirement by either paying the $5.00 filing fee or filing a Motion to Proceed *in forma pauperis* <u>and</u> (2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order. The Clerk of Court **SHALL SEND** to Petitioner a blank Southern District of California Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 form, a blank Southern District of California *in forma pauperis* Application, and a copy of this Order.

**IT IS SO ORDERED.**

Dated: September 4, 2025

Hon. Janis L. Sammartino
United States District Judge

---

Cir. 1999); *cf. Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is '*properly filed*' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).