UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KENNETH LEWIS, | Case No.: 25-CV-2209 JLS (VET) |
|---|---|
| Petitioner, | **ORDER:** |
| v. | **(1) DENYING REQUEST TO PROCEED IN FORMA PAUPERIS, AND** |
| RJD, | |
| Respondent. | **(2) DISMISSING CASE WITHOUT PREJUDICE** |
| | (ECF Nos. 3, 4) |

    Presently before the Court is Petitioner Kenneth Lewis's First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("FAP," ECF No. 3). Also before the Court is Petitioner's Motion to Proceed in Forma Pauperis ("IFP") ("IFP Mot.," ECF No. 4). Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Pet.," ECF No. 1) on August 21, 2025. On September 4, 2025, the Court dismissed the action because Petitioner failed to satisfy the filing fee requirement and failed to state a cognizable claim. *See* ECF No. 2. The Court notified Petitioner that, for his case to proceed, he must (1) either pay the filing fee or file an application to proceed IFP and (2) file an amended petition by October 17, 2025. *Id.* at

4. On September 25, 2025, Petitioner filed an IFP Motion and a First Amended Petition. *See* ECF Nos. 3, 4. For the reasons that follow, the Court **DENIES** Petitioner's IFP Motion (ECF No. 4) and First Amended Petition (ECF No. 3) and **DISMISSES** the case without prejudice.

## I. Motion to Proceed in Forma Pauperis

Petitioner's request to proceed IFP must be denied because Petitioner has not provided the Court with sufficient information to determine his financial status. A request to proceed IFP made by a state prisoner must include a signed certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. *See* Rules Governing Section 2254 Proceedings ("Habeas Rules"), Rule 3(a)(2); S.D. Cal. CivLR 3.2. Here, Petitioner has failed to provide the Court with the required signed prison certificate and/or a copy of his trust account statement. *See* IFP Mot. Therefore, Petitioner's IFP motion is **DENIED.**

## II. Petition for Writ of Habeas Corpus

### *A. Failure to State a Cognizable Federal Claim*

In addition, Petitioner's FAP again fails to state a cognizable federal claim. As discussed in this Court's previous order, to present a cognizable federal habeas corpus claim under section 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991). And here, as grounds for relief, Petitioner requests "the courts to maybe rule for the rights of the prisoner" and seeks a "change in the law." FAP at 6–7. Nowhere in the FAP, however, does Petitioner allege he is in custody in violation of the Constitution or laws of the United States. Therefore, even if Petitioner qualified to proceed IFP, the FAP would be subject to dismissal. *See* Habeas Rules, Rule 4(b) (stating that courts may summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

### B. Failure to Allege Exhaustion of State Judicial Remedies

Petitioner has also failed to allege exhaustion of his state judicial remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. And here, Petitioner states he has not presented any of his "grounds for relief" to the California Supreme Court. *See* FAP at 5–7. Therefore, the FAP is subject to dismissal for failure to exhaust state judicial remedies. *See* Habeas Rules, Rule 4(b).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's IFP Motion (ECF No. 4) and First Amended Petition (ECF No. 3). The Court **DISMISSES** the case without prejudice and without leave to amend for failure to satisfy the filing fee requirement, failure to state a cognizable claim, and failure to allege exhaustion. If Petitioner wishes to pursue habeas claims in the future, he must file a new petition, which will receive a new civil case number. The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: October 9, 2025

Hon. Janis L. Sammartino
United States District Judge