UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEWIS,<br><br>                      Petitioner,<br><br>v.<br><br>RJD,<br><br>                      Respondent. | Case No.: 25-CV-2209 JLS (VET)<br><br>**ORDER DISMISSING HABEAS ACTION AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 8) |

      Presently before the Court is Petitioner Kenneth Lewis's Second Amended Petition ("SAP," ECF No. 8). On August 21, 2025, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. On September 4, 2025, the Court dismissed the action because Petitioner failed to satisfy the filing fee requirement and failed to state a cognizable claim. *See* ECF No. 2. The Court notified Petitioner that to have his case reopened, he must both: (1) either pay the filing fee or file an application to proceed in forma pauperis ("IFP"); and (2) file an amended petition by October 17, 2025. *Id.* at 4.

      On September 25, 2025, Petitioner filed a Motion to Proceed IFP ("IFP Mot.," ECF 4) and a First Amended Petition ("FAP," ECF No. 3). On October 9, 2025, the Court denied the IFP Motion and again dismissed the case without further leave to amend. *See*

1  ECF No. 5.  Judgment was entered on October 14, 2025.  ECF No. 6.  Despite the Court
2  declining to grant him leave to amend, Petitioner filed a Second Amended Petition on
3  November 13, 2025.  *See generally* Docket.
4     Having reviewed the SAP, the Court declines to reopen the case.  First, Petitioner
5  has yet to satisfy the filing fee requirement.  And even if Petitioner had paid the fee, the
6  SAP suffers from the same pleading deficiencies as his previous petitions.  Petitioner again
7  fails to raise a cognizable claim on federal habeas.  He states only that he seeks
8  "resentencing," but alleges no "violation of the Constitution or laws or treaties of the
9  United States" as required under 28 U.S.C. § 2254(a).  *See Hernandez v. Ylst*, 930 F.2d
10 714, 719 (9th Cir. 1991).  In addition, Petitioner has again failed to allege exhaustion of
11 state judicial remedies, as required under 28 U.S.C. § 2254(b), (c).  *See Granberry v. Greer*,
12 481 U.S. 129, 133–34 (1987).  Therefore, even if Petitioner had satisfied the filing fee
13 requirement, the SAP would be subject to dismissal.  *See* Rules Governing Section 2254
14 Proceedings, Rule 4(b), 28 U.S.C. § 2254 (stating courts may summarily dismiss a habeas
15 petition "[i]f it plainly appears from the face of the petition and any attached exhibits that
16 the petitioner is not entitled to relief in the district court").  As such, the Court declines to
17 reopen the case.
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Accordingly, the case remains **DISMISSED** without further leave to amend. Furthermore, the Court **DENIES** a certificate of appealability because reasonable jurists would not find this Court's dismissal debatable. *See* 28 U.S.C.A. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (stating a prisoner seeking a certificate of appealability must demonstrate jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further). The Clerk of the Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: December 11, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge